UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NICHOLAS GIZA,

    Plaintiff,

    v.                                                   CAUSE NO. 3:22-CV-391-JD-MGG

SGT. ARNOLD, et al.,

    Defendants.

OPINION AND ORDER

Nicholas Giza, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Giza is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Giza is incarcerated at Indiana State Prison ("ISP"). According to the complaint and attachments, between October 2021 and March 2022 he was housed in a cell with a faulty electrical outlet. He claims that the outlet "would randomly shoot out

sparks/ flames," and that one night he was awakened to find some of his clothing and papers on fire. He was able to put the fire out, and he told Sergeant Arnold (first name unknown) about the issue, stating that he needed the outlet fixed "A.S.A.P." He claims he was simply told to "be patient" and that Sergeant Arnold "push[ed] off the situation" and was "not concerned for my safety." Some weeks later, the entire outlet caught on fire "causing an electrical fire in my cell," which he was unable to put out. He was very concerned for his safety during the fire as he was unable to leave his cell. However, the fire eventually burned itself out. He again alerted Sergeant Arnold to the problem but claims still nothing was done. In March 2022, he saw the electrician walking on the floor and told him about the problem with the outlet. The electrician immediately stopped to address the problem "without a work order" and had the outlet fixed in approximately an hour. Based on these events, he sues Sergeant Arnold and ISP Warden Ron Neal seeking money damages and other relief.

Prison officials who "expose a prisoner to a substantial risk of a serious physical injury violate his Eighth Amendment rights." *Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison employee leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). On the subjective prong, the prisoner must show that the defendant acted with deliberate indifference to his health or safety. *Id*.; *Board v.*

2

*Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to support an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Farnham*, 394 F.3d at 478.

Giving Mr. Giza the inferences to which he is entitled at this stage, he has plausibly alleged that Sergeant Arnold was subjectively aware of an unduly hazardous condition in his cell, namely, an electrical outlet that randomly shot out sparks and had caught on fire. Yet Sergeant Arnold allegedly brushed off his concerns for months, during which time another fire occurred. The problem was ultimately resolved by an electrician in about an hour, who apparently thought the problem was pressing enough to address without a work order, but that was after Mr. Giza had been living in the cell for six months. The alleged lack of a work order also suggests that Sergeant Arnold did not complete the necessary paperwork to have the problem addressed, even though Mr. Giza had alerted him to the problem several times. He has alleged enough to proceed past the pleading stage against Sergeant Arnold.[1] *See Case v. Ahitow*, 301 F.3d 605, 607

---

[1] The court notes that Mr. Giza has not clearly alleged a physical injury as a result of the two fires, and ultimately he will not be able to recover for mental distress caused by the fires if he did not suffer any physical injury. *See* 42 U.S.C. § 1997e(e). However, the Seventh Circuit has made clear that this is a limit on recovery, not a "a filing prerequisite for the federal action itself." *Smith*, 631 F.3d at 421. The court considers that Mr. Giza may be able to show at a later stage that he suffered some physical effect from smoke inhalation or similar injury, even if he did not suffer any burns.

3

(7th Cir. 2002) ("[T]he test is whether the guards know that the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so. . . . No more is necessary to establish deliberate indifference[.]"); *Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) ("[T]o be guilty of "deliberate indifference" [prison staff] must know they are creating a substantial risk of bodily harm. If they place a prisoner in a cell that has a cobra, . . . [and] if they know that there is a cobra there or at least that there is a high probability of a cobra there, and do nothing, that is deliberate indifference.").

Mr. Giza also sues the Warden "for being the top of chain-of-command" at the prison and for not ensuring that his subordinates fulfilled their duties. (ECF 1.) Liability under 42 U.S.C. § 1983 is based on personal responsibility, however, and the Warden cannot be held liable for the actions of Sergeant Arnold solely because he holds a supervisory position at the prison. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Supervisory prison officials can be held liable for a constitutional violation committed by a subordinate only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir 2019.) There are no allegations in the complaint from which the court can plausibly infer that the Warden was personally involved in this incident, that he was personally aware of the faulty outlet in Mr. Giza's cell, or that he approved of or facilitated Sergeant Arnold's actions. He will be dismissed as a defendant.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Sergeant Arnold (first name unknown) in his personal capacity on a claim for monetary damages under the Eighth Amendment for deliberate indifference to the danger posed by a faulty electrical outlet in his cell between October 2021 and March 2022;

(2) DISMISSES all other claims;

(3) DISMISSES Warden Ron Neal as a defendant;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant Arnold (first name unknown) at the Indiana Department of Correction and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(6) ORDERS Sergeant Arnold to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 3, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT